# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| S. SHANE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:16CV396 |
| | ) | |
| FRANK L. PERRY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on a Motion for Enlargement of Time to File Reply Brief filed by Defendants Frank L. Perry, George T. Solomon, Larry Huggins, Charlotte Williams, Richard L. Neely, Joseph Valliere, Officer Mike Williams, David Livengood, Stephen W. Smith, Amy Leonard, Carol Hurlocker, and Officer Weaver ("Moving Defendants") (Docket Entry 95). The instant Motion asks the Court "to enlarge the time to file a reply to Plaintiff's response to Moving Defendants' Motion for Summary Judgment as to Plaintiff's inadequate legal services claim." (Id. at 1.) For the reasons that follow, the Court will deny the instant Motion.

## INTRODUCTION

Discovery in this case closed on August 28, 2017. (See Text Order dated Feb. 24, 2017.) As a result, the deadline for dispositive motions fell on September 27, 2017. See M.D.N.C. LR 56.1(b) ("All dispositive motions and supporting briefs must be filed and served within 30 days following the close of the discovery period."). At Moving Defendants' request, the Court (per

the undersigned United States Magistrate Judge) extended that deadline to November 3, 2017. (See Docket Entry 56 (granting Docket Entry 55).) On November 2, 2017, Moving Defendants sought a further extension of that deadline to November 17, 2017 (see Docket Entry 59), but the Court (per the undersigned Magistrate Judge) extended the deadline only to November 8, 2017, in part because the Court (per the undersigned Magistrate Judge) separately had "precluded Plaintiff from delaying resolution of the case . . . [and thus felt] compelled to preclude Moving Defendants from delaying resolution of the case" (Text Order dated Nov. 3, 2017; see also id. ("As support for that request, Moving Defendants cited . . . the workload of [their] counsel. . . . [A]lthough the Court sympathizes with workload issues faced by any attorney, in this instance, the Court does not find sufficient grounds for the requested extension. In that regard, most of the workload demands cited . . . formed the basis for the prior extension request . . . and cannot support a further extension.").)

Moving Defendants thereafter moved for summary judgment within the (twice-extended) deadline (see Docket Entry 63; see also Docket Entry 87 (granting in part and denying in part Docket Entry 63)); however, that motion did "not address Plaintiff's inadequate legal services claim" (Docket Entry 80 at 55). After the Court (per the undersigned Magistrate Judge) noted that fact, Moving Defendants sought "an additional opportunity to file a supplemental

dispositive motion to address th[at] claim." (Docket Entry 85 at 2; see also id. ("In part due to the extremely heavy caseload of [their] counsel[, Moving] Defendants inadvertently failed to address the . . . [in]adequate legal services claim.").) The Court (per Chief United States District Judge Thomas D. Schroeder) thereafter "permitted [Moving Defendants] to refile their motion . . . pursuant to Federal Rule of Civil Procedure 56(e)(1)," with "[a]ny such renewed motion [to] be filed [by October 22, 2018]." (Docket Entry 87 at 2.)

Shortly before that deadline, Moving Defendants asked for an extension, "in light of [their] counsel's current workload and other court ordered deadlines in litigation presently pending in state and federal courts." (Docket Entry 88 at 3; see also id. at 4 ("Additionally, [Moving Defendants' counsel] will be on approved leave from October 18-22, 2018. Due to these circumstances, staff departures, and reassignment of cases, [Moving Defendants'] counsel has been and will be unable to file a supplemental dispositive motion as to Plaintiff's inadequate legal services claim by the deadline now provided.").) The Court (per the undersigned Magistrate Judge) granted that request (see Text Order dated Oct. 19, 2018) and Moving Defendants filed their summary judgment motion as to Plaintiff's inadequate legal services claim by the extended deadline (see Docket Entry 90). As the instant Motion acknowledges, "[o]n December 14, 2018, Plaintiff filed his

response" (Docket Entry 95 at 2 (citing Docket Entry 93); see also Docket Entry dated Dec. 19, 2017 (documenting agreement by Moving Defendants to "accept electronic filing [of Plaintiff's submissions to the Court] as service in this matter")), making Moving Defendants' reply due by December 28, 2018, see M.D.N.C. LR 56.1(e) (permitting replies "within 14 days of service of the response").

By that deadline, Moving Defendants neither replied nor moved for more time to do so. (See Docket Entries dated Dec. 14-28, 2018.) On December 31, 2018, they filed the instant Motion, belatedly seeking an extension of the reply deadline to January 15, 2019. (See Docket Entry 95 at 4-5.) Moving Defendants did not submit a brief in support of the instant Motion (see Docket Entries dated Dec. 31, 2018, to present) and did not include within the instant Motion any legal authority regarding the requested extension (see Docket Entry 95 at 1-5). The instant Motion does cite recent filings made by Moving Defendants' counsel in connection with an appeal in state court and another civil case in this Court, as well as the fact that their counsel "has been on extended leave and out of state from December 21[, 2018,] until January 2, 2019." (Id. at 3.) Based on those considerations, the instant Motion asserts that "the deadline for Moving Defendants to file a reply brief no later than December 28, 2018 was not missed in bad faith or for purposes of delay, and as such constitutes excusable neglect." (Id.)

DISCUSSION

"All motions, unless made during a hearing or at trial, . . . shall be accompanied by a brief except as provided in section (j) of [Local Rule 7.3]." M.D.N.C. LR 7.3(a). The cross-referenced section does not exempt out-of-time extension motions from the briefing requirement, but rather only motions "for extension of time . . . made before the expiration of the period originally prescribed or as extended by previous orders," M.D.N.C. LR 7.3(j) (emphasis added). "A motion unaccompanied by a required brief may, in the discretion of the Court, be summarily denied." M.D.N.C. LR 7.3(k). Given the failure of the instant Motion to cite any legal authority (as required even for motions exempt from the briefing requirement, see M.D.N.C. LR 7.3(j) ("The [exempt] motions, while not required to be accompanied by a brief, must . . . cite any applicable rule, statute, or other authority justifying the relief sought.")), the Court exercises its discretion under Local Rule 7.3(k) to summarily deny the instant Motion.

Alternatively, the Court denies the instant Motion under the applicable Federal Rule of Civil Procedure. Specifically, "[w]hen an act may or must be done within a specified time, the [C]ourt may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1) (emphasis added). Although that provision nominally requires a showing of both "good cause" and

"excusable neglect," the United States Court of Appeals for the Fourth Circuit effectively has collapsed those requirements into a single inquiry in circumstances of this sort. See Lovelace v. Lee, 472 F.3d 174, 203 (4th Cir. 2006) ("A district court has discretion to grant an enlargement of time 'upon motion made after the expiration of the specified period where the failure to act was the result of excusable neglect.' Fed. R. Civ. P. 6(b). We find no abuse of discretion here. The district court had a reasonable basis for finding good cause (or excusable neglect) . . . ." (internal ellipsis omitted)). That approach makes sense because, whereas courts have described the "good cause" standard as "non-rigorous," Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1259 (9th Cir. 2010), "liberal," Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989), and "not . . . particularly demanding," Stark-Romero v. National R.R. Passenger Co., 275 F.R.D. 544, 547 (D.N.M. 2011), the Fourth Circuit has declared that "'[e]xcusable neglect' is not easily demonstrated," Thompson v. E.I. DuPont Nemours & Co., Inc., 76 F.3d 530, 534 (4th Cir. 1996).

Accordingly, the Court must determine whether Moving Defendants have shown "excusable neglect," an inquiry the United States Supreme Court has described as "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). "These include . . . [1]

the danger of prejudice to the [opposing party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." Id. In reviewing these four factors, the Court must consider not only Moving Defendants' conduct, but also "whether [their] attorney, as [their] agent, did all [s]he reasonably could to comply with the [deadline]." Id. at 396; see also id. at 396-97 (taking note of prior decisions, "[i]n other contexts, . . . [holding] that clients must be held accountable for the acts and omissions of their attorneys" in declaring that, "in determining whether [a party's] failure to [meet a deadline] was excusable, the proper focus is upon whether the neglect of [the party] and [its] counsel was excusable" (emphasis omitted)).

Examining the Pioneer factors in light of the record of this case, the Court first observes that Moving Defendants' explanation for their non-compliance with the reply deadline (the most important factor, see Thompson, 76 F.3d at 534) weighs against relief. As detailed above, the instant Motion appears to attribute that failure to the work demands and winter holiday travel plans of Moving Defendants' counsel; however, the Fourth Circuit has held that "run-of-the-mill inattentiveness by counsel" does not support a finding of excusable neglect, id. at 535, and the Supreme Court has indicated that, in assessing the "reason for delay" factor,

-7-

courts should "give little weight to the fact that counsel was experiencing upheaval in h[er] law practice at the time of the [missed deadline]," Pioneer, 507 U.S. at 398; see also Morris-Belcher v. Housing Auth. of City of Winston-Salem, No. 1:04CV255, 2005 WL 1423592, at *4 (M.D.N.C. June 17, 2005) (Beaty, J.) (unpublished) ("[T]he professional commitments and busy caseload of an attorney are not ordinarily grounds for finding excusable neglect."). Further, extending the reply deadline as requested in the instant Motion would prejudice Plaintiff by further delaying adjudication of an issue that Moving Defendants should have briefed long ago (when they filed their initial summary judgment motion, after obtaining two extensions of time), as well as by frustrating Plaintiff's (and the Court's) interest in moving forward with the trial of his other claims that survived Moving Defendants' initial summary judgment motion. Under these circumstances, even the relatively short delay that would result if the Court granted the instant Motion constitutes an unreasonable delay, particularly given the absence of an acceptable reason for Moving Defendants' non-compliance with the reply deadline (and regardless of whether they and their counsel have acted in good faith). In sum, Moving Defendants have not shown excusable neglect as required for their requested, out-of-time extension.

CONCLUSION

The instant Motion does not comply with Local Rule 7.3 and does not satisfy Federal Rule of Civil Procedure 6(b)(1).

**IT IS THEREFORE ORDERED** that Moving Defendants' Motion for Enlargement of Time to File Reply Brief (Docket Entry 95) is **DENIED**.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

January 4, 2019